IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONDELL HUDSON,** : | Civil No. 1:16-CV-0640 |
| **Plaintiff,** : | |
| v. : | |
| **DISTRICT ATTORNEY ED MARSICO DAUPHIN COUNTY, OFFICER MARK LAUDENSLAGER, MIDDLETOWN POLICE DEPARTMENT,** : | |
| **Defendants.** : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

In this § 1983 action, *pro se* Plaintiff Rondell Hudson asserts claims for excessive force, malicious prosecution, and due process violations against a police officer Mark Laudenslager, the Middletown Police Department, and Dauphin County District Attorney Ed Marsico ("Attorney Marsico"). Presently before the court are two motions to dismiss, one filed by Defendant Marsico and the other by Defendants Laudenslager and Middletown Police Department. For the reasons stated herein, the motions will be granted.

## **I.   Background**

### **A.   Facts**

On or about April 18, 2014, Plaintiff Rondell Hudson ("Plaintiff"), an individual residing within the Middle District of Pennsylvania, was involved in a domestic dispute. (Doc. 1-1, p. 1.) According to the complaint, Plaintiff's ex-wife

arrived at his home to drop off their children pursuant to a custody arrangement. (*Id*.) Plaintiff's ex-wife also brought along a male counterpart, referred to in the complaint as her "paramour." (*Id*.) An argument between Plaintiff and the paramour escalated into a physical confrontation wherein the paramour struck Plaintiff repeatedly and knocked him to the ground, causing bleeding from Plaintiff's face. (*Id*.) Plaintiff called the Middletown Police Department to explain that he had just been assaulted and threatened to "use lethal force if necessary to protect [him]self/home," and the police urged him to avoid such action. (*Id*.)

Once he verified that his ex-wife and her paramour had left the area, Plaintiff went outside and waited in his vehicle for police to arrive. (*Id*.) Officer Mark Laudenslager ("Officer Laudenslager") of the Middletown Police Department was the first to arrive on the scene, and, upon seeing Plaintiff approach him, drew his service weapon and ordered Plaintiff to get on the ground. (*Id*. at pp. 1-2.) Plaintiff tried to explain to Officer Laudenslager that he was the one who had requested police assistance and asked the officer to stop pointing the gun at him, but to no avail. (*Id*. at p. 2.) As Plaintiff was turning around and lowering himself to the ground, he saw Middletown Police Officer Joshua Reager ("Officer Reager") speeding toward him. (*Id*.) Officer Reager exited his vehicle and rapidly approached Plaintiff with his Taser drawn. (*Id*.) As Plaintiff said, "I'm getting down, don't shoot," Officer Reager shot Plaintiff in the chest with the Taser. (*Id*.)

Plaintiff was then pushed to the ground and placed in handcuffs. (*Id.*) Once the officers realized that Plaintiff was the person who had called for help, and not the assailant, they removed his handcuffs and had emergency medical personnel examine him. (*Id.*)

Approximately one year later, in August or September 2015, Plaintiff was charged in Dauphin County with two counts of making terroristic threats, and Attorney Marsico prosecuted the case. (*Id.*) One count was dismissed at a preliminary hearing, but probable cause was found for the other count, which, after failed plea negotiations, proceeded to a trial. (*Id.*) Plaintiff was found not guilty at a jury trial in October of 2015. (*Id.*)

### B. Procedural History

Plaintiff initiated this action on August 18, 2016, by filing a *pro se* complaint. (Doc. 1.)[1] On June 17, 2016, Defendants Officer Laudenslager and Middletown Police Department (the "Middletown Defendants") filed a motion to dismiss for failure to state a claim (Doc. 13), and Attorney Marsico submitted a similar motion to dismiss on June 24, 2016 (Doc. 14). Defendants filed their briefs in support of each motion on June 30, 2016 (Doc. 15) and July 6, 2016 (Doc. 17), respectively. After Plaintiff failed to timely respond to either motion, on July 19,

---

[1] Plaintiff attached to the standard *pro se* complaint form (Doc. 1) a two-page document also titled "Complaint" (Doc. 1-1), which gives additional facts about the August 18, 2014 incident and the attempted prosecution of Plaintiff. For convenience and to avoid any unnecessary confusion, the court will refer to both documents as "the complaint."

2016, the court ordered him to show cause as to why the matter should not be dismissed. (*See* Doc. 19.) Plaintiff responded to the court's order on July 27, 2016, stating that he had not received either motion and seeking leave to respond. (*See* Doc. 20.) The court granted Plaintiff's request to respond, despite the untimeliness (Doc. 21), and Plaintiff filed his brief in opposition to the motions to dismiss on August 29, 2016 (Doc. 22). Defendant Ed Marsico submitted a reply brief on September 12, 2016 (Doc. 24), but the Middletown Defendants did not file a reply. The time for briefing has now passed and the motions to dismiss are ripe for disposition.

## II. Legal Standard

Defendants have moved, in the two instant motions, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the court must "accept all factual allegations as true, construe the complaint

in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *United States v. Pennsylvania*, 110 F. Supp. 3d 544, 548 (M.D. Pa. 2015) (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)); *see also* Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that the court must view a *pro se* litigant's complaint under a lenient standard). Accordingly, the court should construe the complaint liberally, drawing all fair inferences and applying the applicable law, irrespective of whether the *pro se* plaintiff has mentioned it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). However, even a *pro se* plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. Discussion

A liberal reading of Plaintiff's complaint reveals that he has brought four claims pursuant to 42 U.S.C. § 1983: 1) malicious prosecution; 2) excessive force during the April 18, 2014 incident by the Middletown Defendants; 3) a violation of

Plaintiff's procedural due process rights; and 4) a violation of Plaintiff's substantive due process rights. As part of his prayer for relief, Plaintiff also includes a request for an award of punitive damages. As to the first claim, Defendant Marsico argues that the claim should be dismissed both because he has prosecutorial immunity, and because, as all Defendants argue, Plaintiff has failed to establish that the criminal charge against him lacked probable cause. (*See* Doc. 17, pp. 6-9; Doc. 15, pp. 12-16.) With regard to Plaintiff's excessive force claim, the Middletown Defendants argue that the claim should be dismissed because Plaintiff has not alleged that Officer Laudenslager used any force against Plaintiff. (*See* Doc. 15 at pp. 9-12.) As to Plaintiff's due process claims, Defendant Marsico argues that they should be dismissed because Plaintiff has not alleged sufficient facts to support them. The court will address each argument in turn.

### A. **Malicious Prosecution**

In his complaint, Plaintiff alleges that all Defendants maliciously prosecuted him by bringing criminal charges against him for which there was no probable cause and based on their improper motive to try to cover up the excessive force exercised upon Plaintiff during the August 18, 2014 incident. In order to support a claim for malicious prosecution under § 1983, Plaintiff must establish the following elements: 1) Defendants initiated a criminal proceeding; 2) the criminal proceeding ended in Plaintiff's favor; 3) the proceeding was initiated without

probable cause; 4) Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice; and 5) Plaintiff suffered a "deprivation of liberty consistent with the concept of seizure" as a consequence of the criminal proceeding. *See Hartpence v. Madison Twp.*, 617 F. App'x 158, 161 (3d Cir. 2015) (first citing *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989)) (then quoting *Donahue v. Gavin*, 280 F.3d 371, 380 (3d Cir. 2002)). "To state a plausible claim for false arrest, false imprisonment, or malicious prosecution under the Fourth Amendment, a plaintiff must plead sufficient facts to support a reasonable inference that the defendants acted without probable cause and are not entitled to qualified immunity." *Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014).

Here, in support of both motions to dismiss, Defendants argue that Plaintiff has failed to allege the third element of his malicious prosecution claim, namely, that his criminal trial was initiated without probable cause. (*See* Docs. 15 & 17.) In the complaint, Plaintiff states that, on August 18, 2014, he told the police dispatcher that he would use lethal force if necessary and that the dispatcher urged him not to take such action. (*See* Doc. 1-1 at p. 1.) Plaintiff was later charged with two counts, including one of making terroristic threats. A preliminary hearing was held sometime in January 2015, at which one charge against Plaintiff was dropped, but the terroristic threats charge proceeded to a trial. Under Pennsylvania law:

> [a] person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a

7

> threat to: (1) commit any crime of violence with intent to terrorize another; (2) cause evacuation of a building, place of assembly or facility of public transportation; or (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 Pa. Con. Stat. Ann. § 2706(a). Defendants argue that they indeed had probable cause to pursue the charge of terroristic threats based on Plaintiff's threat that he would use lethal force, which is corroborated by the finding of probable cause by a state court at the preliminary hearing. The Third Circuit has made clear, however, that absent a conviction, a presumption of probable cause does not arise in a § 1983 action, and the issue becomes one for the jury. *See Montgomery v. De Simone*, 159 F.3d 120, 125-26 (3d Cir. 1998) (holding that summary judgment for defendant based on a court finding of probable cause was inappropriate because the question rested "entirely upon the credibility of the witnesses."). Plaintiff was found not guilty of terroristic threats by a jury, and, therefore, no presumption of probable cause arose. Nonetheless, probable cause can still be found where "reasonably trustworthy information or circumstances within a [law enforcement] officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person [in question]." *Zerby v. Waltz*, Civ. No. 16-cv-0383, 2017 WL 386616, *8 (M.D. Pa. Jan. 27, 2017) (first

quoting *Spiker*, 553 F. App'x at 278) (then citing *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)).

The complaint alleges that Plaintiff was physically assaulted by his ex-wife's paramour, became a victim for a second time when he was tased by police, and was then victimized a third time when the police, together with Attorney Marsico, attempted to prosecute him for terroristic threats to cover up their own misdeeds. These allegations, in conjunction with Plaintiff being found not guilty of the charges against him, establish at this early stage of the litigation that a reasonable jury could conclude that the Middletown Police Department and Attorney Marsico lacked probable cause in pursuing charges against Plaintiff. *See Montgomery*, 159 F.3d at 125-26. However, Plaintiff must also allege facts that would support a finding of malicious prosecution against Officer Laudenslager. Simply stated, Plaintiff has offered no such facts. While the complaint makes the conclusory accusation that the Middletown Defendants had an improper motive for prosecuting Plaintiff, it offers no facts, such as that Officer Laudenslager prepared a false report, fabricated evidence, or gave untruthful testimony, to support the allegation. Accordingly, Plaintiff's malicious prosecution claim against the Middletown Defendants will be dismissed.

The dismissal of Plaintiff's malicious prosecution claim against Officer Laudenslager commands the dismissal of the same claim against Middletown

Police Department. A municipality may be held liable under § 1983 for injuries inflicted by its employees, but only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because the court has dismissed the claim against Middletown Police Department's employee, there are no unconstitutional acts for which to hold the municipality responsible.

    Turning to Defendant Marsico, he argues that even if probable cause did not exist, the malicious prosecution claim against him should be dismissed because he is entitled to absolute immunity from suits against him in his role as a prosecutor. The Third Circuit has clearly laid out the analytical framework for a defense of prosecutorial immunity:

> More than a mere defense to liability, prosecutorial immunity embodies the right not to stand trial, and is properly raised in a Rule 12(b)(6) motion to dismiss.
>
> A prosecutor bears the heavy burden of establishing entitlement to absolute immunity. In light of the Supreme Court's "quite sparing" recognition of absolute immunity § 1983 liability, we begin with the presumption that qualified rather than absolute immunity is appropriate.
>
> To overcome this presumption, a prosecutor must show that he or she was functioning as the state's advocate when performing the action(s) in question. This inquiry focuses on the nature of the function performed, not the

> identity of the actor who performed it. Under this functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or quasi-judicial capacity. Thus, immunity attaches to actions intimately associated with the judicial phases of litigation, but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings.

*Odd v. Malone*, 538 F.3d 202, 207-08 (3d Cir. 2008) (internal citations and quotations omitted).

Here, Plaintiff does not allege any facts suggesting that his malicious prosecution claim against Defendant Marsico is based on any administrative or investigatory acts. Rather, Plaintiff's claim rests on his allegation that Defendant Marsico was motivated to prosecute Plaintiff in order to cover up the excessive force used against him by police, rather than by the existence of probable cause. Accepting as true both allegations, as the court is bound to do at the motion to dismiss stage, Plaintiff's claim against Defendant Marsico is nonetheless barred by prosecutorial immunity. A "prosecutor's decision to bring an indictment, whether he has probable cause or not," is absolutely immune to a malicious prosecution claim. *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993). Defendant Marsico's decision to pursue the terroristic threats charge against Plaintiff and proceed to a trial was clearly made in his judicial capacity, and absolute, rather than qualified, immunity attaches. Therefore, the court finds that Defendant Marsico is protected

by absolute immunity and Plaintiff's malicious prosecution claim against him will be dismissed.

### B. <u>Excessive Force</u>

Plaintiff claims that his Fourth Amendment right to be free from unreasonable seizures was violated when he was tased. "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Estate of Smith v. Marasco,* 318 F.3d 497, 515 (3d Cir. 2003) (quoting *Abraham v. Raso,* 183 F.3d 279, 288 (3d Cir.1999)). The Middletown Defendants do not appear to dispute that tasing an individual is a seizure for Fourth Amendment purposes, so the court will assume at this stage that a seizure has taken place. Thus, the remaining question is whether said seizure was reasonable.

"The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, 'the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Graham v. Connor,* 490 U.S. 386, 397 (1989)). "Thus, if a use of force is objectively unreasonable, an officer's good faith is irrelevant; likewise, if a use of force is objectively reasonable, any bad faith motivation on the officer's part is immaterial." *Estate of Smith*, 318 F.3d at 515 (citing *Abraham,* 183 F.3d at 289).

Factors that a court should consider in determining whether the force was objectively reasonable are "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. (citing *Graham*, 490 U.S. at 396). Additional factors to consider are "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Kopec*, 361 F.3d at 777 (citation omitted). As the Third Circuit has explained:

> An excessive force claim must be evaluated 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight' and 'must embody the allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are often tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.'

*Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) (quoting *Graham,* 490 U.S. at 396-97).

Here, the Middletown Defendants argue that Plaintiff has failed to allege that Officer Laudenslager used any physical force against him. Indeed, the complaint states that it was Officer Reager, not Officer Laudenslager, who used his Taser on Plaintiff. Physical force, however, is not strictly required for a Fourth Amendment seizure to take place. *See Brendlin v. California*, 551 U.S. 249, 254

(2007) ("A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned."). According to the complaint, Officer Laudenslager made a show of authority when he pointed his gun at Plaintiff and ordered him to get on the ground. Plaintiff submitted to this show of authority by raising his hands up and lowering himself to the ground. Accordingly, the court finds that Plaintiff has adequately pleaded that he was seized by Officer Laudenslager.

The issue thus becomes whether the seizure was reasonable. The complaint alleges that Plaintiff was involved in a physical altercation, that he called the police and threatened to use lethal force, and that his face was covered in blood when he approached Officer Laudenslager. A reasonable officer under those circumstances could perceive Plaintiff as a threat and would be justified in using some amount of force in order to seize Plaintiff, if only momentarily to ascertain Plaintiff's identity and intentions. Officer Laudenslager elected not to use force, however, instead merely drawing his weapon and ordering Plaintiff to the ground. Under the circumstances of this brief seizure, and considering that Officer Laudenslager used no physical force, the court finds that Plaintiff has not pleaded facts to support a plausible claim for relief. Further, because Plaintiff's excessive force claim against the Middletown Police Department requires the existence of his excessive force

claim against Officer Laudenslager, his claim against the Middletown Police Department likewise fails. Accordingly, the court will dismiss Plaintiff's excessive force claims against the Middletown Defendants.

### C. <u>Procedural Due Process</u>

The Fourteenth Amendment to the United States Constitution prohibits the states from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. An individual states a claim for a violation of his Fourteenth Amendment procedural due process rights where he asserts that he has a protected liberty or property interest and the available process for protecting that interest does not comport with constitutional requirements. *See Bowen v. Ryan*, Civ. No. 05-cv-1512, 2006 WL 3437287, *11 (M.D. Pa. Nov. 29, 2006) (citing *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000)).

Here, the complaint fails to state how Plaintiff's Fourteenth Amendment procedural due process rights have been violated. It appears from the complaint that Plaintiff is alleging that he was deprived of a fair trial. On the face of the complaint, however, it seems that Plaintiff received notice of the charges against him, the opportunity to appear at a preliminary hearing, and a trial by jury that ended in Plaintiff's acquittal. Plaintiff has not pleaded any facts to support a procedural due process claim, and the court will accordingly dismiss it.

### D. <u>Substantive Due Process</u>

"In order to show a violation of his or her substantive due process rights, a plaintiff must show, first, that 'the particular interest at issue is protected by the substantive due process clause,' and that 'the government's deprivation of that protected interest shocks the conscience.'" *Brace v. Cty of Luzerne*, 535 F. App'x 155, 159 (3d Cir. 2013) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). "Conscience-shocking conduct requires even more than alleged 'improper motive,'" and encompasses "only the most egregious official conduct." *Id.* (quoting *Chainey*, 523 F.3d at 219-20).

As with his procedural due process claim, Plaintiff has failed to allege sufficient facts supporting a plausible substantive due process claim. The complaint relies solely on Defendants' improper motives for prosecuting him, and a properly-pled substantive due process claim simply requires more. Plaintiff's substantive due process claim was more appropriately stated as a malicious prosecution claim based on Defendants' allegedly nefarious motives. Thus, the court construes this substantive due process claim as a repleading of Plaintiff's malicious prosecution claim, and it will be dismissed.[2]

---

[2] Because all claims are being dismissed, Plaintiff's request for punitive damages will also be denied.

### E. Leave to Amend the Complaint

Finally, in the motions to dismiss, Defendants argue that Plaintiff's claims should be dismissed with prejudice because the statute of limitations will have run by the time of any amendment. This issue was not properly briefed, however, and is not currently before the court. Plaintiff may wish to amend his complaint to include additional facts to support his claims, or to substitute or add defendants. At such point that Plaintiff files a motion for leave to file an amended complaint and then-named defendants oppose such request, the parties can brief the issue pursuant to Federal Rule of Civil Procedure 15. Accordingly, all claims shall be dismissed without prejudice.

## IV. Conclusion

For the reasons stated herein, the court finds that Plaintiff has failed to allege sufficient facts to show plausible claims for relief pursuant to 42 U.S.C. § 1983 arising out of his claims for malicious prosecution, excessive force, or due process violations. Accordingly, the court finds that Plaintiff has failed to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and all claims will be dismissed without prejudice to the filing of an amended complaint.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: March 30, 2017