IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONDELL HUDSON,** | : | Civil No. 1:16-CV-0640 |
| **Plaintiff,** | : | |
| v. | : | |
| **DISTRICT ATTORNEY ED MARSICO DAUPHIN COUNTY, OFFICER MARK LAUDENSLAGER, MIDDLETOWN POLICE DEPARTMENT,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

In this § 1983 action, *pro se* Plaintiff Rondell Hudson asserts constitutional claims based on excessive force, malicious prosecution, and lack of due process against police officer Mark Laudenslager, the Middletown Police Department, and Dauphin County District Attorney Ed Marsico ("Attorney Marsico"). Presently before the court is Plaintiff's motion for reconsideration as to the dismissal of his claims against all defendants. (Doc. 28.) For the reasons stated herein, Plaintiff's motion will be denied.

## I. Background

The court writes primarily for the parties, and because they are familiar with the facts as discussed in the court's memorandum and order of March 30, 2017, *see Hudson v. Marsico*, Civ. No. 16-cv-0640, 2017 WL 1178034 (M.D. Pa. Mar. 30,

2017), the court will set forth only a summary of the facts and procedural history pertinent to the instant motion.

**A.   Facts**

On or about April 18, 2014, Plaintiff Rondell Hudson ("Plaintiff") was involved in a domestic dispute. (Doc. 1-1, p. 1.) According to the complaint, Plaintiff's ex-wife arrived at Plaintiff's home to drop off their children pursuant to a custody arrangement. (*Id*.) Plaintiff's ex-wife was accompanied by a male counterpart, referred to in the complaint as her "paramour." (*Id*.) A physical altercation ensued between Plaintiff and the paramour, with the paramour knocking Plaintiff to the ground. (*Id*.) Plaintiff then went inside his home and called the Middletown Police Department to report that he had just been assaulted, threatening to "use lethal force if necessary to protect [him]self/home." (*Id*.) Plaintiff's ex-wife and the paramour left before the police arrived. (*Id*.)

Officer Mark Laudenslager ("Officer Laudenslager") of the Middletown Police Department was the first to arrive on the scene, and, upon seeing Plaintiff approach him, drew his service weapon and ordered Plaintiff to get on the ground. (*Id*. at pp. 1-2.) Plaintiff repeatedly tried to explain that he was the one who had requested police assistance, but to no avail. (*Id*. at p. 2.) A second Middletown police officer, Officer Joshua Reager ("Officer Reager"), subsequently arrived, approaching Plaintiff with his Taser drawn. (*Id*.) As Plaintiff said, "I'm getting

down, don't shoot," Officer Reager shot Plaintiff in the chest with the Taser. (*Id.*) Plaintiff was then pushed to the ground and placed in handcuffs. (*Id.*) Once the officers realized that Plaintiff was the person who had called for help, they removed his handcuffs and had emergency medical personnel examine him. (*Id.*)

Approximately one year later, Plaintiff was charged in Dauphin County with two counts of making terroristic threats, and Attorney Marsico prosecuted the case. (*Id.*) One count was dismissed, but the second was supported by probable cause and, after failed plea negotiations, proceeded to trial. (*Id.*) Plaintiff was found not guilty at a jury trial in October of 2015. (*Id.*)

   B.   **Procedural History**

On March 30, 2017, the court granted Defendants' motions to dismiss Plaintiff's entire complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), finding that Plaintiff had failed to offer facts sufficient to sustain any of the claims. Presently before the court is Plaintiff's motion for reconsideration (Doc. 28), which has been fully briefed (Docs. 29 & 30) and is ripe for disposition.

II.  **Legal Standard**

Plaintiff has moved for the court to reconsider the dismissal of all of Plaintiff's claims. Under Fed. R. of Civ. P. 59(e),[1] the moving party seeking to

---
[1]Although not specifically recognized by the Federal Rules of Civil Procedure, a motion for reconsideration may be considered under Rule 59(e) or 60(b). *Knopick v. Downey*, 963 F.Supp.2d 378, 387 (M.D. Pa. 2013) (citing *Klatch–Maynard v. Sugarloaf Twp.*, Civ. No. 06–cv–0845, 2013 WL 1789744, *2 (M.D. Pa. Apr. 26, 2013)); *see Jones v.*

3

have the judgment altered must rely on one of the following grounds: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error of law or prevent manifest injustice. *See Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citing *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010)). Motions for reconsideration may be appropriate in instances such as where "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). The moving party may not use a motion for reconsideration "to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Such a motion is not "a proper vehicle to attempt to convince the court to rethink a decision it has already made." *Kropa v. Cabot Oil & Gas Corp.*, 716 F.Supp.2d 375, 378 (M.D. Pa. 2010) (citing *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa.1993)). Similarly, a motion for reconsideration may not be used "to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ.

---

*Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1352 (3d Cir. 1990) (viewing a motion for reconsideration as the "functional equivalent" of a Rule 59(e) motion to alter or amend a judgment).

No. 05-cv-1148, 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006) (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)). Motions for reconsideration should be granted sparingly because federal courts have "a strong interest in the finality of judgments." *Kitzmiller v. Dover Area School Dist.*, 388 F.Supp.2d 484, 488 (M.D. Pa. 2005) (citing *Burger King Corp. v. New England Hood & Duct Cleaning Co.,* Civ. No. 96-cv-6310, 2000 WL 133756, *1 (E.D. Pa. Feb. 4, 2000)).

### III. Discussion

In Plaintiff's motion for reconsideration and supporting brief, he simply restates many of the same factual allegations contained in both his complaint and brief opposing the Defendants' motions to dismiss. (*See* Docs. 1 & 22.) Plaintiff has not identified an intervening change in the controlling law, nor has he presented newly discovered evidence. Plaintiff thus appears to argue for reconsideration based on the third ground, specifically to correct a clear error of law or to prevent manifest injustice. Defendants argue that Plaintiff fails to assert a legitimate basis for the court to reconsider its dismissal of all claims against all Defendants. (*See* Doc. 29, pp. 4-6; Doc. 30, pp. 4-6.)

Here, Plaintiff has not identified an error of law or made any particular showing of "manifest injustice" sufficient for the court to grant reconsideration. *See, e.g., Burger v. Mays*, 176 F.R.D. 153, 155 (E.D. Pa. 1997) (granting motion

for reconsideration based on manifest injustice where the court's initial decision to preclude vital expert testimony was rooted in plaintiff's failure to file a timely response, which was attributable entirely to plaintiff's attorney's carelessness in marking his calendar). In this respect, Plaintiff only states, "I feel I am due my day in court to present these facts to a jury to allow them to decide" the issues. (Doc. 28, p. 6.) However, the court has already ruled in its memorandum and order granting Defendants' motions to dismiss that Plaintiff failed to allege sufficient facts to even state an initial claim, much less to withstand summary judgment or ultimately reach a jury. Plaintiff's motion appears to be simply a request that the court rethink its decision to dismiss Plaintiff's claims, which does not satisfy the narrow grounds for reconsideration. Accordingly, Plaintiff's motion for reconsideration will be denied.

## IV. Conclusion

For the reasons stated herein, the court finds once more that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, all claims against all Defendants will remain dismissed. Plaintiff's motion for reconsideration will be denied. An appropriate order will issue.

     s/Sylvia H. Rambo
     SYLVIA H. RAMBO
     United States District Judge

Dated: September 5, 2017